UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TIMOTHY HOAR, THOMAS SIMMONS, and TIMOTHY ARIAS, individually and on behalf of all others similarly situated,

        Plaintiffs,

-against-

LAUNCH PAD PAYMENT SERVICES CORPORATION and HOTMART BV,

        Defendants.

---



Case No.: 1:24-cv-06195-CM

## STIPULATION AND PROPOSED PROTECTIVE ORDER

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties and produced by third-parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. Counsel for any party may designate any document or information, in whole or in part, as "For Attorneys' or Experts' Eyes Only" if counsel determines, in good faith, that is of such a private, sensitive, competitive or proprietary nature that the disclosure is likely to cause injury to the Producing Person. Information and documents designated by a party as "For Attorneys' or Experts' Eyes Only" will be stamped "ATTORNEYS' AND EXPERTS' EYES ONLY."

3. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

4. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, including by meeting and conferring, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

5. All documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

   a. The requesting party and counsel, including in-house counsel;

   b. The Parties' insurers and counsel to insurers;

   c. Employees of such counsel assigned to and necessary to assist in the litigation;

   d. Outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

   e. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

   f. As to any document, its author, its addressee, its recipient(s), and any other person indicated as having received a copy;

   g. Any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action;

   h. Stenographers engaged to transcribe depositions conducted in this action;

   i. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court); and

   j. Any mediator or arbitrator that the Parties engage in this matter.

6. All documents designated as "ATTORNEYS' AND EXPERTS' EYES ONLY" shall not be disclosed to any person, except:

   a. Counsel to the requesting party, including in-house counsel;

2

    c.    Employees of such counsel assigned to and necessary to assist in the litigation, who have acknowledged and agreed to be bound by this order;

    e.    Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

    f.    As to any document, its author, its addressee, its recipient(s), and any other person indicated as having received a copy;

    h.    Stenographers engaged to transcribe depositions conducted in this action;

    i.    The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court); and

    j.    Any mediator or arbitrator that the Parties engage in this matter.

7.    Before disclosing or displaying the Confidential Information to any person referred to in subparagraphs 5 or 6 above, counsel must:

    a.    Inform the person of the confidential nature of the information or documents;

    b.    Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c.    Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

8.    With respect to deposition transcripts, a party may designate information disclosed at a deposition as Confidential by requesting, on the record at the time of the deposition, the court reporter to so designate the transcript or any portion thereof. The designating party must also inform the court reporter and all counsel of record, in writing, within 30 days of receiving the final transcript, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, and such materials shall be treated accordingly. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential if any portion thereof is requested to be designated as Confidential at the time of the deposition.

9.    The disclosure of a document or information without designating it as "confidential" or "For Attorneys' or Experts' Eyes Only" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

3

10. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential.

11. Pursuant to Federal Rule of Civil Procedure 502, inadvertent disclosure of privileged communications shall not constitute a waiver of the privilege in this matter provided the parties follow the steps set forth in Rule 502.

12. Notwithstanding the designation of information as "confidential" or "For Attorneys' or Experts' Eyes Only" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

13. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

SO STIPULATED AND AGREED.

Respectfully submitted this 26th day of June, 2025.

/s/ Michael R. Reese
Michael R. Reese
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
mreese@reesellp.com

George V. Granade
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
ggranade@reesellp.com

**KALIELGOLD PLLC**
Sophia G. Gold*
950 Gilman Street, Suite 200
Berkeley, California 94710
Telephone: (202) 350-4783
sgold@kalielgold.com

Jeffrey D. Kaliel*
1100 15th Street NW, 4th Floor
Washington, D.C. 20005
Telephone: (202) 280-4783
jkaliel@kalielgold.com

**JENNINGS & EARLEY PLLC**
Christopher D. Jennings*
Tyler B. Ewigleben*
Winston S. Hudson*
500 President Clinton Avenue, Suite 110
Little Rock, Arkansas 72201
Telephone: (601) 270-0197
chris@jefirm.com
tyler@jefirm.com
winston@jefirm.com

*Attorneys for Plaintiffs and the Proposed Classes*

/s/ Mario O. Gazzola
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Michael B. Carlinsky
Mario O. Gazzola
Olivia Probetts

295 Fifth Ave.
New York, NY 10016
T: 212-849-7000
F: 212-849-7100
michaelcarlinsky@quinnemanuel.com
mariogazzola@quinnemanuel.com
oliviaprobetts@quinnemanuel.com

*Attorneys for Defendants*

So Ordered:

/s/ Colleen McMahon

7/1/2025

5

## Agreement

I have been informed by counsel that certain documents or information to be Disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "ATTORNEYS' AND EXPERTS' EYES ONLY" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____

THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER

The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten day period, identify to the court any portion of the decision that one or more of them believe should be redacted, provide the court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly-available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.