**quinn emanuel** trial lawyers | new york

295 Fifth Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

MEMO ENDORSED

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/17/25

WRITER'S DIRECT DIAL NO.
(212) 849-7102

WRITER'S EMAIL ADDRESS
mariogazzola@quinnemanuel.com

September 16, 2025

VIA ECF

The Honorable Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 24A
New York, NY 10007

Re:  *Hoar v. Launch Pad Payment Services Corporation et al.*
     Case No. 1:24-cv-06195 (S.D.N.Y.)

Dear Judge McMahon:

Pursuant to your Honor's September 9, 2025 Order (Dkt. 67) Defendants Launch Pad Payment Services Corp. and Hotmart BV respectfully identify the following information as confidential and request that it be maintained under seal.

HOTMART_0000778, an image of which appears in Plaintiffs' August 14, 2025 Letter Motion (Dkt. 65 at 3), contains confidential financial information, namely, the Defendants' account number and Tax ID. Defendants request that the unredacted version of this letter remain under seal, and that the account number and Tax ID remain redacted in the public version of the filing.

Defendants have carefully considered the information filed under seal, currently redacted in the public version of this letter (Dkt. 63), and have proposed only these two limited, targeted redactions of confidential financial information. While the original redactions included three images in their entirety along with two additional sentences (Dkt. 63 at 3, 8, 9), Defendants propose continued redaction of only two numbers: their account number and Tax ID.

This comports with the *Lugosch* factors, which govern a motion to seal. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (cleaned up and internal quotation marks and citations omitted). In determining whether a "common law presumption of access"

[Handwritten memo endorsement:]
9/17/2025
The information identified in the letter would appear to be HOTMART_0000778 and may be confidential and redacted from any publicly filed document including the document at Dkt 64. The motion to file under seal is granted only to the extent of redacting the Defendants' account number. Resolve Dkt # 64 + the motion for the court, from the list of open motions.

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON |
LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY |
SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | WILMINGTON | ZURICH

applies, "a court must first conclude that the documents at issue are indeed judicial documents." *Id.* "In order to be designated a judicial document, the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Id.* "Once the court has determined that the documents are judicial documents…, it must determine the weight of that presumption," which is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* "Finally, after determining the weight of the presumption of access, the court must balance competing considerations against it." *Id.* "Such countervailing factors include but are not limited to … the privacy interests of those resisting disclosure." *Id.*

While the letter motion is a judicial document, its importance to the judicial function and process is less than that of a dispositive motion. *See In re New York City Policing During Summer 2020 Demonstrations*, 635 F. Supp. 3d 247, 253 (S.D.N.Y. 2022) ("where the document is submitted in connection with a discovery motion, rather than a dispositive motion, the presumption of access is entitled to only 'modest' weight"). There is no "value" in revealing a financial account number and Tax ID to the public, and the countervailing considerations are more than sufficient to warrant redacting this information. *See Zou v. Han*, 2024 WL 1704704, at *7 (E.D.N.Y. Apr. 19, 2024) (permitting redaction of Tax ID and bank account number from exhibits to discovery motion even where first *Lugosch* factor weighed in favor of public access).

Accordingly, Defendants respectfully request that the foregoing information remain under seal. Plaintiffs, per their August 14, 2025 motion to file under seal (Dkt. 64), do not object to this request. Plaintiffs did not warn Defendants of their filing, nor seek Defendants' consent to file any documents publicly, which Defendants would have given subject to the request above.

Respectfully submitted,

/s/ Mario O. Gazzola

Mario O. Gazzola

*Counsel for Defendants*
*Launch Pad Payment Services Corporation and*
*Hotmart BV*

cc: All Counsel of Record via ECF