USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/5/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIMOTHY HOAR, THOMAS SIMMONS, AND TIMOTHY ARIAS, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

LAUNCH PAD PAYMENT SERVICES CORPORATION AND HOTMART B.V.,

Defendants.

No. 24-cv-6195 (CM)

**DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION**

McMahon, J.:

On July 9, 2026, this Court issued a *Decision and Order Granting Defendant's Renewed Motion to Dismiss Plaintiffs' Complaint Without Prejudice*. *See* Dkt. No. 76. For the reasons set forth in that decision, the Court held that this dispute is properly heard in Amsterdam because Hotmart B.V. – not Launch Pad – processed the transactions at issue. *See id.*

Plaintiffs now move for reconsideration of that decision to the extent the Court failed to consider all of Defendants' contractual terms when it held that this dispute should be heard in Amsterdam. *See* Dkt. No. 80, at 4.

Whether to grant a motion for reconsideration is "committed to the sound discretion of the district court." *Abu Dhabi Commercial Bank v. Morgan Stanley & Co.*, 888 F. Supp. 2d 478, 483 (S.D.N.Y. 2012). A court may grant reconsideration only when a movant demonstrates "an

intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted). The movant bears a heavy burden, as "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

Having reviewed Plaintiffs' motion for reconsideration and Defendants' response to that motion, *see* Dkt. No. 82, the Court concludes that the motion should be denied.

The gravamen of Plaintiffs' argument is that the Court committed clear error by failing to consider Hotmart's General Purchasing Terms when deciding Defendants' renewed motion to dismiss the amended complaint. *See* Dkt. No. 80, at 4. The General Purchasing Terms provide that, "If the transaction is made in US dollars (USO), between Buyers residing in the United States of America, the company collecting the amounts form [sic] the Buyers is Launch Pay Payment Services Corp., headquartered on 251 Little Falls Drive, Wilmington, DE, ZIP code 19808, registry No 6840948." *Id.*; Dkt. No. 45-1, § 1.2. According to Plaintiffs, the answer to the question of which Hormart-related entity "processed" the transactions at issue is "straightforward" because, under Hotmart's General Purchasing Terms, "Where, as here, the Buyer resides in the United States and made a purchase in U.S. Dollars, Hotmart's terms dictate that Launch Pad collected those funds, and venue lies in this Court." Dkt. No. 80, at 6.

Plaintiffs are correct that I did not consider Hotmart's General Purchasing Terms in deciding Defendants' renewed motion to dismiss. It was not called to my attention in the original briefing on the motion or at any other point during this litigation. Neither Plaintiffs (who now rely

on the provision) nor Defendants (who have obligations of candor to the Court) so much as mentioned anything about this General Purchasing Term in the papers that were submitted to the Court. The Court's July 9, 2026 decision instead focused – as the parties focused – on Hotmart's Terms of Use, which is what Plaintiffs relied on in their amended complaint for the assertion that venue is proper in this district. *See* Dkt. No. 40, ¶ 21.

The Terms of Use include a forum selection clause, which states as follows:

> In case of a dispute between a User and Hotmart that is not related to a specific transaction or the Platform, the exclusive venue to litigate such dispute shall be the courts of the city of Amsterdam. As to any dispute related to a specific transaction on the Platform, the exclusive venue to litigate such dispute depends on the specific Hotmart company that processed the relevant transaction. If the transaction was processed by Brazilian company Launch Pad Tecnologica, Servicios e Pagamentos Ltda,[2] the exclusive venue shall be the courts of the city of Belo Horizonte, Minas Gerais, in Brazil. If the transaction was processed by North American company Launch Pad Payment services Corp., the exclusive Venue shall be the United States District Court for the Southern District of New York, or the Supreme Court of the State of New York, in this city of New York, in the United States of America. If the transaction was processed by Dutch company Hotmart B.V., the exclusive venue shall be the courts of the City of Amsterdam in the Netherlands.

TOU, § 13.1.

After Plaintiffs filed their amended complaint, Defendants moved to dismiss the complaint in its entirety on the grounds that Plaintiffs' filing of their complaint in this district violated the forum selection clause in Hotmart's Terms of Use. *See* Dkt. No. 44. Plaintiffs opposed that motion, arguing that their claims were not subject to that forum selection clause because it was not reasonably communicated to them and that, even if the Court were to find the forum selection clause applicable, venue in this district was proper because their claims do not relate to specific transactions. *See* Dkt. No. 49.

On May 12, 2025, I held that Plaintiffs' claims were subject to the forum selection clause in Hotmart's Terms of Use and that because Plaintiffs' claims relate to specific transactions, the

proper venue depends on which specific Hotmart company processed the transaction. *See* Dkt. No. 55. Pursuant to the Terms of Use, the matter had to be litigated in Amsterdam if Hotmart B.V. processed the transactions at issue. But if Launch Pad processed the transactions, any challenge to those transactions had to be brought either this district or in the Supreme Court of the State of New York. Since the record did not disclose which entity "processed the transactions" at issue in this case, I allowed the parties to conduct limited discovery on that question. *See id.*

Following the completion of discovery, Defendants renewed their motion to dismiss, arguing that Plaintiffs' claims had to be heard in Amsterdam because discovery revealed that Hotmart B.V. – not Launch Pad – processed the transactions at issue. *See* Dkt. No. 70. It is the decision granting that motion that Plaintiffs now ask the Court to reconsider.

Throughout this litigation, the parties have focused their briefing on Hotmart's Terms of Use. The parties' focus on the Terms of Use is unsurprising, because both Plaintiffs' original complaint and their amended complaint rely on the Terms of Use to assert that venue was proper in this district. Dkt. No. 1, at ¶ 12; Dkt. No. 40, at ¶ 21. Neither pleading alluded to or quoted from any General Purchasing Terms. Nor did Plaintiffs, in their papers opposing Defendants' original or renewed motions to dismiss, make the argument on which they seek reconsideration: namely, that Launch Pad must have processed the transactions at issue because (1) Plaintiffs reside in the United States; (2) they made purchases from Hotmart's platform in U.S. Dollars, which means (3) Launch Pad collected their money. *See Wilbush v. Ambac Fin. Grp., Inc.*, 271 F. Supp. 3d 473, 487 n.9 (S.D.N.Y. 2017) (claims are forfeited where a plaintiff fails to raise them in opposition to dismissal).

It is well settled that motions for reconsideration "are not vehicles for taking a second bite at the apple." *Rafter v. Liddle*, 288 F. App'x 768, 769 (2d Cir. 2008) (quoting *Sequa Corp. v. GBJ*

*Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). Accordingly, "a party may not [use such a motion to] advance new facts, issues or arguments not previously presented to the Court." *In re Fosamax Prods. Liab. Litig.*, 815 F. Supp. 2d 649, 651 (S.D.N.Y. 2011) (quoting *E.E.O.C. v. Fed. Express Corp.*, 268 F. Supp. 2d 192, 199 (E.D.N.Y. 2003). Local Civil Rule 6.3 "affords relief where the court has erred by overlooking a factual or legal argument presented, not where a party failed to present relevant factual or level arguments." *Id.*

Plaintiffs' argument based on Hotmart's General Purchasing Terms does not rely on any law or evidence that was not available to Plaintiffs while the motion to dismiss was being decided. In fact, despite Defendants' having attached a copy of the General Purchasing Terms to their motion to dismiss Plaintiffs' original complaint, Plaintiffs filed an amended complaint in response to that motion in which they again relied exclusively on the Terms of Use – without mentioning the General Purchasing Terms – to assert that venue was proper in this district. *See* Dkt. No. 40, at ¶ 21.

If Plaintiffs are correct that "the Court's inquiry begins and ends with Hotmart's own terms," Dkt. No. 80, at 11, the time to bring the language of the General Purchasing Terms to the Court's attention was when Plaintiffs filed their amended complaint on January 3, 2025 – or, at the latest, when they opposed Defendants' motion to dismiss the amended complaint in February 2025. But Plaintiffs did not do so. Nor did they raise this argument in opposition to Defendants' renewed motion to dismiss, in their August 18, 2025 letter motion filed after the completion of discovery, or in a motion to reconsider the Court's May 12, 2025 decision.

Because a court cannot have committed clear error by "overlooking" an argument that was never made, Plaintiffs' assertion that venue is proper in this district based on the language of Hotmart's General Purchasing Terms does not afford a basis for reconsideration of the July 9, 2026

decision. *See Lashify, Inc. v. Qingdao Network Tech. Co.*, 2026 WL 112022, at *11 (S.D.N.Y. Jan. 15, 2026) ("There can be no clear error in not considering an argument that [a party] could have raised earlier but failed to do so"); *Ovesen v. Mitsubishi Heavy Indus. of Am., Inc.*, 2012 WL 1583566, at *3 (S.D.N.Y. May 7, 2012), *aff'd sub nom. Ovesen v. Mitsubishi XYZ Corportations*, 519 F. App'x 722 (2d Cir. 2013).

However, because I am cognizant of the difficulties of being told one has to litigate abroad, I have looked at Plaintiffs' new argument and Defendants' response thereto. It turns out that the matter is not as clear cut as Plaintiffs suggest.

The General Purchasing Terms state only that for transactions where the buyer resides in the United States, the company "*collecting the amounts*" is Launch Pad. Dkt. No. 45-1, § 1.2 (emphasis added). But Plaintiffs offer no support for any contention that collecting money is the same thing as "processing" the transactions. The cases cited in the July 9, 2026 decision discuss the meaning of the term "processing" the transaction, *see* Dkt. No. 76, at 7-9, and those cases do not support any argument that the entity that merely collects the money "processes" the transaction. Rather, they stand for the proposition that "payment processing" is a series of steps that facilitates electronic transfers between buyers and sellers, which includes providing a merchant with the means to electronically accept and transmit consumer payments; monitoring, tracking and reconciling payments, returns, and chargebacks; and/or providing pre-authorization, post-authorization, and refund services to merchants. *See id.* Nothing in the General Purchasing Terms suggests that Launch Pad did all of those things, or any of them aside from collecting the money

relating to a U.S.-based transaction[1] (which, as the decision went on to say, was then transmitted to Hotmart B.V.).

Plaintiffs' motion for reconsideration is therefore denied.

**CONCLUSION**

Plaintiffs' motion for reconsideration is DENIED.

Plaintiffs' motion to seal Exhibit 3 attached to their motion for reconsideration is DENIED AS MOOT.

The Clerk of Court is respectfully requested to remove the motions at Dkt. Nos. 78 and 80 from the Court's list of open motions and to strike Dkt. No. 79 from the docket.

This constitutes the decision and order of the Court. It is a written decision.

Dated: August 5, 2026

U.S.D.J.

BY ECF TO ALL COUNSEL

[1] Furthermore, it appears from the Terms of Use that Launch Pad only collects funds relating to a transaction if both the buyer *and* the Creator (the seller) are located in the U.S. Dkt. No. 45-2, § C. For most of the transactions in this case, the Court has no idea whether the Creator (seller) was located in the U.S. And, to the extent the General Purchasing Terms suggest that only the buyer must be located in the U.S. for Launch Pad to be involved in collecting funds, that provision is inconsistent with the Terms of Use. And the Terms of Use provide that, in case of any such inconsistency, the Terms of Use control.